**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RACHEL MILLER** <br> **VIRGINIA SIMONIN** <br> individually, and on behalf of others similarly situated <br><br> Plaintiffs <br><br> vs <br><br> **WINCO FOODS, LLC** <br><br> Defendant | Case No. 3:19-cv-02094-AC <br><br> **CLASS ACTION ALLEGATION AMENDED COMPLAINT** <br><br> Unlawful Trade Practices <br><br> Unjust Enrichment <br><br> Demand for Jury Trial |

**1.**

**INTRODUCTION**

In an effort to profit and to obtain an unfair advantage over its competitors, defendant Winco Foods, LLC (Winco or defendant) misled thousands of Oregon customers into paying unlawful hidden surcharges on certain non-grocery items.

**2.**

**FACTUAL ALLEGATIONS**

This putative class action case was originally filed in the Circuit Court of the State of Oregon for the County of Multnomah; Case No. 19CV50450. Winco removed this case to this Court under 28 U.S.C. §§ 1446 and 1332.

**3.**

This complaint's allegations are based on personal knowledge as to plaintiffs' own behavior and made on information and belief as to the behavior of others.

**4.**

Plaintiffs are individuals living in Portland, Oregon.

**5.**

Plaintiffs are each a "person" as that term is defined at ORS 646.605(4).

**6.**

Defendant is a Delaware corporation.

**7.**

Defendant is a "person" as that term is defined at ORS 646.605(4).

**8.**

Defendant regularly advertises and sells consumer goods at its stores in Portland and throughout Oregon in the course of its business as a large corporate retailer.

**9.**

Throughout 2019 defendant advertised and provided non-grocery consumer goods to plaintiffs and other class members in Oregon. Specifically, on October 3, 2019, defendant advertised and sold non-grocery consumer goods to Rachel Miller at defendant's store at 7979 SE Powell Blvd. in Portland. On November 23, 2019, defendant advertised and sold non-grocery consumer goods to Virginia Simonin at defendant's store at 7979 SE Powell Blvd. in Portland. Images of plaintiffs' receipts proving their purchases are below:

10.



**CLASS ACTION AMENDED COMPLAINT** – Page 4 of 15

11.



**CLASS ACTION AMENDED COMPLAINT** – Page 5 of 15

**12.**

Defendant's sticker on its shelf advertised its non-grocery consumer goods to plaintiffs as costing a certain price. After plaintiffs paid for the non-grocery consumer goods and read their receipts, plaintiffs discovered that defendant's sticker price was falsely advertised because defendant added and collected a hidden surcharge on the goods that was omitted from the advertised price of the goods to plaintiffs, causing plaintiffs ascertainable loss of hidden surcharge that was collected from them.

**13.**

The consumer goods defendant advertised and provided to plaintiffs and other class members were obtained primarily for personal, family or household purposes.

**14.**

**CLASS ACTION ALLEGATIONS**

Under FRCP 23, plaintiffs bring this action on behalf of themselves and all other similarly situated individual consumers. The class is initially defined as:

a) all individuals,

b) who paid a surcharge to defendant that was omitted from the advertised price of the good,

c) on or after November 25, 2018.

**15.**

A class action is proper under FRCP 23(a) because based upon information and belief, the class consists of thousands of individual consumers, and joinder of all members is impracticable. Each class member will be identifiable based on defendant's sales records, third party bank and credit processing records, and through class notice procedures. Excluded from the class are all attorneys for the class, officers and members of defendant, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

**16.**

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to:

a) Whether defendant's behavior described in this complaint violated the UTPA; and

b) Whether defendant should be able to retain the profits derived from its unjust enrichment described in this complaint.

**17.**

Plaintiffs' claims are typical of the claims of the class members, as they are based on the same factual circumstances and legal theories. Plaintiffs have no interests adverse to the class members.

**18.**

Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have retained nationally known and locally respected counsel experienced in class action litigation and UTPA litigation to further ensure such representation and protection of the class.

**19.**

Plaintiffs and their counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

**20.**

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Because of the relatively small monetary value of each individual class member's claim, few, if any, class members could afford to prosecute an individual action against defendant. The federal court filing fee alone is double the maximum statutory damages available under the UTPA. Absent class treatment, defendant's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

**21.**

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of defendant's practices as alleged in this complaint predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings;

b) The common questions of law and fact described above predominate over questions affecting only individual members;

c) Individual class members would have little interest in controlling the prosecution of separate actions because the amount of each individual claim is relatively small compared to the complexities of the issues and the expenses of litigation;

d) This is a desirable forum because this Court has significant experience managing class actions and a class action will be an efficient method of adjudicating the claims of the class members, and class members have claims that are not significant in amount relative to the expense of the litigation, so separate actions would not afford significant relief to the members of the class.

**22.**

## CAUSES OF ACTION

## Claim One for the Putative Class

## – Unlawful Trade Practices –

As alleged in this complaint, in the course of its business defendant made false or misleading representations and omissions of fact concerning plaintiffs and other class members' cost for its consumer goods by falsely representing to plaintiffs and other class members, on the prices advertised on its shelves, that its goods could be purchased for a certain price, when in fact defendant knew that at its registers it would instead charge plaintiffs and other class members a mandatory hidden surcharge in addition to the advertised price of its consumer goods. This behavior violates ORS 646.608(1)(s).

**23.**

As alleged in this complaint, in the course of its business defendant advertised consumer goods to plaintiffs and the other class members, including on the prices on its shelves, with the intent not to provide the goods at the advertised price, because defendant knew that it would add a mandatory hidden surcharge onto the price of the goods at its registers and intentionally omitted this additional mandatory surcharge on its advertised prices. This behavior violates ORS 646.608(1)(i).

**CLASS ACTION AMENDED COMPLAINT** – Page 10 of 15

**24.**

Defendant's acts and omissions as alleged in this complaint in violation of ORS 646.608(1)(s) and (i) caused plaintiffs and other class members ascertainable loss in the amount of the undisclosed surcharges that they paid to defendant and the loss of use of money and interest on the undisclosed surcharges.

**25.**

Defendant's violations of ORS 646.608(1) as alleged in this complaint were willful and reckless because defendant knew the sticker price on its shelves was lower than the price defendant would actually charge and collect from plaintiffs and the class members for certain non-grocery consumer goods, yet defendant intentionally chose to omit the surcharge from its advertised prices thereby misrepresenting the true total cost of the goods as advertised on its shelves. Defendant knew or should have known that Oregon law makes it unlawful for a business to falsely advertise, and to fail to disclose the true cost of, the goods it sells in the course of its business as a large corporate retailer, but chose to engage in this unlawful behavior in violation of the law despite the risk of harm to plaintiffs and the class members.

**26.**

Moreover, defendant's unlawful practices were in pursuit of profit and stood to give defendant an unfair advantage over its competitors in the billion-dollar grocery business that choose to follow Oregon law by advertising the true cost of the goods they sell. Defendant's behavior as alleged in this complaint was reprehensible, and violated the common standards required of corporations by the people of Oregon.

**27.**

As a result of defendant's violation of the UTPA as alleged above, plaintiffs and all other similarly situated individual consumers are entitled to actual damages or $200 statutory damages per individual, whichever is greater, punitive damages, and reasonable fees and costs under ORS 646.638.

28.

## Claim Two for the Putative Class

## – Unjust Enrichment –

As alleged in this complaint, defendant operated a common and intentional scheme to conceal the surcharges from the advertised costs of the goods it sold to plaintiffs and the class members when it knew or should have known that this omission was in violation of Oregon law and it knew that it would charge plaintiffs and the class members the surcharges at its registers despite this material omission. Defendant obtained a monetary benefit as increased profits through this material omission and misrepresentation by collecting undisclosed surcharges from plaintiffs and the putative class members, entitling plaintiffs and the putative class members to restitution in the amount of the surcharges defendant unjustly collected from them. *See, e.g.*, Restatement (Third) of Restitution and Unjust Enrichment §§ 1, 13, 40, 41, 44 (2011).

29.

## REQUEST FOR JURY TRIAL

Plaintiffs respectfully request a trial by a jury.

**30.**

**PRAYER FOR RELIEF**

Plaintiffs respectfully request relief against defendant as sought above, and any other relief the Court may deem appropriate, and an order appointing class counsel and an order certifying this case as a class action.

February 11, 2020

                                              **RESPECTFULLY FILED,**

                                              s/ Michael Fuller
                                              **Michael Fuller, OSB No. 09357**
                                              Lead Attorney for Plaintiffs
                                              OlsenDaines
                                              US Bancorp Tower
                                              111 SW 5th Ave., Suite 3150
                                              Portland, Oregon 97204
                                              michael@underdoglawyer.com
                                              Direct 503-222-2000

## CERTIFICATE OF SERVICE

I caused this document to be served on all parties through the CM/ECF system.

February 11, 2020

                                        s/ Michael Fuller
                                        **Michael Fuller, OSB No. 09357**
                                        Lead Attorney for Plaintiffs
                                        OlsenDaines
                                        US Bancorp Tower
                                        111 SW 5th Ave., Suite 3150
                                        Portland, Oregon 97204
                                        michael@underdoglawyer.com
                                        Direct 503-222-2000