UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| VIRGINIA SIMONIN, *individually and on behalf of all others similarly situated*,<br><br>      Plaintiff,<br><br>  v.<br><br>WINCO FOODS, LLC,<br><br>      Defendant. | Case No. 3:19-cv-2094-AR<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND ATTORNEY FEES, COSTS, AND SERVICE AWARD** |

**ARMISTEAD, Magistrate Judge**

On August 8, 2024, this Court held a hearing on Plaintiff's motion for final approval of the Settlement in this pending class action litigation (the Action), in accordance with the Settlement Agreement dated March 27, 2024 (ECF No. 91-1). Due and adequate notice having been given to the "Settlement Class Members" (as defined in Paragraph 4 of this Order and the Agreement) consistent with the Preliminary Approval Order and Federal Rule of Civil Procedure 23(e). This Court having considered the Agreement, all papers filed and proceedings held, and all oral and written comments received and permitted by this Court regarding the Agreement in accordance with the Preliminary Approval Order, including any objections to the Settlement by

Page 1 – FINAL APPROVAL ORDER

any Settlement Class Member in accordance with such Preliminary Approval Order and the Agreement, and good cause appearing,

IT IS ORDERED that:

1. The Court, for purposes of this Final Approval Order (the Order), adopts all defined terms set forth in the Agreement, and incorporates them by reference as if fully set forth and having the full force and effect of an Order of this Court.

2. This Court has jurisdiction over the subject matter of this action, the Class Representative, the Settlement Class Members, and Defendant.

3. This Order and the General Judgment of Dismissal entered in accordance with Paragraph 12 of this Order are binding upon the Class Representative and the Settlement Class Members.

4. The Court finds, solely for purposes of considering this Settlement and for settlement purposes only, that the requirements of Rule 23 and applicable law are satisfied with respect to the following Settlement Class:

> All persons who, between June 1, 2019 and May 8, 2022, purchased certain non-grocery items from a WinCo store located within the City of Portland, Oregon and paid to WinCo a surcharge on certain non-grocery items related to the Clean Energy Surcharge enacted by the City of Portland, effective January 1, 2019.  Excluded from the Settlement Class are: (1) any Judge presiding over this Action and members of their families; (2) persons who properly execute and file a timely request for exclusion from the Settlement Class; (3) David Maingot; and (4) the legal representatives, successors, or assigns of any such excluded persons.

5. The Settlement resolves the claims of the Class Representative and the Settlement Class Members, as defined by the Agreement.

Page 2 – FINAL APPROVAL ORDER

6. The Court finds that the Agreement reflects a good-faith settlement of the claims of the Class Representative and the Settlement Class Members reached voluntarily after consultation with experienced legal counsel and as the result of extensive arm's length negotiations with a qualified mediator, Senior Judge Henry J. Kantor.

7. A full opportunity has been afforded to the Settlement Class to participate in the Final Approval Hearing and all Settlement Class Members and other persons wishing to be heard have been heard. The Settlement Class Members also have had a full and fair opportunity to exclude themselves from the Settlement.

8. The Court finds that the Notice Plan was effected in accordance with the Preliminary Approval Order, dated April 5, 2024, was made in accordance with Rule, and fully met the requirements of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law.

9. No Settlement Class Members timely objected to the Settlement.

10. In accordance with the requirements of Rule 23, this Court finally approves all terms of the Settlement in this Action as set forth in the Agreement, including, without limitation, the settlement consideration, and each of the releases set forth therein, as fair, just, reasonable, and adequate to the Parties. The Parties and the Settlement Administrator will effectuate the Agreement according to its terms.

11. The Court hereby orders the Parties and the Settlement Administrator to administer the Claims Process and Distribution Plan in accordance with the terms of the

Agreement.

12. This Court approves the entry of the General Judgment of Dismissal.

13. As of the Effective Date of the Agreement, the Class Representative and all members of the Settlement Class will have, by operation of this Order and the General Judgment of Dismissal, fully, finally, and forever released, relinquished, and discharged Defendant from all Released Claims consistent with the Agreement. Upon the Effective Date, Class Representative and all members of the Settlement Class will be permanently barred and enjoined from the institution or prosecution of any and all claims released under the terms of the Agreement.

14. The Court grants Plaintiff's request for Service Awards. Consistent with the terms of the Agreement, Defendant will pay a total amount of $10,000 to the Settlement Fund to be distributed by the Settlement Administrator to Plaintiff, care of Class Counsel firm OlsenDaines, in accordance with the Distribution Plan.

15. The Court grants Class Counsel's application for attorney's fees in the amount of $1,009,500.00 and costs in the amount of $96,240.35, for a combined total of $1,105,740.35. Consistent with the terms of the Agreement, the Settlement Administrator will pay this Attorney's Fees and Cost Award from the Settlement Fund in accordance with the Distribution Plan, to Class Counsel firm OlsenDaines.

16. This Order does not constitute an expression by this Court of any opinion, position, or determination as to the merit or lack of merit of any of the claims or defenses of the Parties, on appeal or otherwise. The case has been settled on a compromise basis, without a final

Page 4 – FINAL APPROVAL ORDER

determination of the merits. Neither this Order, the General Judgment of Dismissal, nor the Agreement, is an admission or indication by Defendant of the validity of any claims in this Action or of any liability or wrongdoing or any violation of law.

17. The Class Representative and the Settlement Class Members are further enjoined from prosecuting any claim in the Action and from filing actions or proceedings against Defendant related to the Action.

18. The Agreement will not be offered or admitted into evidence and the Settlement will not be or referred to in any way (orally or in writing) in any action, arbitration, or other proceeding, except as allowed by Rule 408 of the Federal Rules of Evidence, and specifically excepting the Action and/or a proceeding involving an effort to enforce the Settlement, as well as reference to the Settlement or Agreement in any SEC disclosure.

19. Plaintiff's motions for Final Approval of Class Settlement (ECF No. 105) and for Class Action Settlement Fee, Expense, and Service Award Application (ECF No. 99) are GRANTED.

**IT IS SO ORDERED.**

DATED: August 13, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge